**TRIBAL VILLAGE OF AKUTAN, et al., Plaintiffs-Appellees,**

v.

**Donald P. HODEL, et al., Defendants-Appellants.**

Nos. 86–3512, 86–3514 and 86–3517.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 1986.

Decided April 28, 1986.

Designated for Publication July 1, 1986.

Alaska Legal Services Corp., Carol H. Daniel, Heather H. Grahame, Anchorage, Alaska, for Village of Akutan, et al.

Sarah Chasis, New York City, Eric Smith, Anchorage, Alaska, for Alaska Natural Resources Defense Council.

Laura L. Davis, Asst. Atty. Gen., Juneau, Alaska, for Gov. Bill Shefield, ex rel. and State of Alaska, et al.

Peter R. Steenland, Jr., Jacques B. Gelin, Dept. of Justice, Washington, D.C., for defendants-appellants.

Carl J.D. Bauman, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, E. Edward Bruce, Bobby R. Burchfield, Covington & Burling, Washington, D.C., for intervernor AMOCO Production Co.

Before DUNIWAY, GOODWIN, BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

In this consolidated appeal, appellants Secretary of the Interior, ten oil companies, and others, seek review of a district court order granting a preliminary injunction restraining the Secretary from proceeding with Lease Sale 92 in the North Aleutian Basin. We affirm.

## I. BACKGROUND

Lease Sale 92 is proposed as part of the Department of Interior's current five-year offshore oil and gas leasing program, established under section 18 of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1344. In preparing for the Sale, the Secretary was required to conduct an evaluation of the effects of the sale on subsistence uses and resources pursuant to section 810(a) of the Alaska National Interest Lands Conservation Act ("ANILCA"), 16 U.S.C. § 3120(a). Section 810(a) can be described as consisting of two tiers, the first requiring an evaluation, and the second, under the appropriate circumstances, requiring notice, hearings, and minimization of adverse impact upon subsistence uses and resources.

The Secretary conducted an evaluation pursuant to the first tier of section 810(a), but, based on his finding that significant subsistence restrictions were "unlikely," declined to undertake the second tier proce-

dures of noticed hearings and mitigation of environmental harm.

Following the Secretary's announcement in December 1985, of his decision to go forward with Lease Sale 92, appellees the State of Alaska, Trustees for Alaska, the Tribal Village of Akutan, and others, filed suit in federal district court. The parties sought a preliminary injunction against the receipt and opening of bids based on violations of ANILCA and other statutes.[1]

On January 13, 1986, the district court enjoined the Secretary from proceeding with the bidding process in Lease Sale 92. Invoking two recent Ninth Circuit decisions construing ANILCA, the court concluded that the Secretary had applied an incorrect legal standard in determining his duties under section 810(a) and accordingly had failed to comply with the notice and hearing requirements in section 810(a)(1)–(3). Specifically, the court held that, notwithstanding the Secretary's finding that subsistence restrictions were unlikely, where a proposed action "may significantly restrict subsistence uses," the Secretary is required to proceed with notice and hearing under the second tier of section 810(a). Memorandum and Order at 2–3, *citing People of the Village of Gambell v. Hodel (Gambell II)*, 774 F.2d 1414, 1421–22 (9th Cir.1985), *cert. granted,* — U.S. —, 106 S.Ct. 2274, 90 L.Ed.2d 717 (1986), and *Kunaknana v. Clark*, 742 F.2d 1145, 1151 (9th Cir.1984). The district court concluded that appellees had established a strong likelihood of success on their ANILCA claim, and that an injunction was required as a matter of course under *Gambell II*, 774 F.2d at 1422–26. Having granted a preliminary injunction based on appellees' ANILCA claim, the court declined to address the other alleged statutory violations.

## II. STANDARD OF REVIEW

Our review of a ruling on a motion for a preliminary injunction is "very limited." *Apple Computer, Inc. v. Formula Inter-*

*national, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). "The grant or denial of a motion for a preliminary injunction lies within the discretion of the district court," *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752 (9th Cir.1982), and will be reversed only for an abuse of discretion or if the decision is based on an erroneous legal standard. *Oakland Tribune, Inc. v. Chronicle Publishing Co.*, 762 F.2d 1374, 1376 (9th Cir.1985).

■ "To obtain a preliminary injunction, a party must show either 1) a likelihood of success on the merits and the possibility of irreparable injury, or 2) the existence of serious questions going to the merits and the balance of hardships tipping in its favor." *Apple Computer*, 725 F.2d at 523. Absent unusual circumstances, irreparable damage is presumed and an injunction is required when an agency violates ANILCA section 810(a). *Gambell II*, 774 F.2d at 1422–23.

■ Because the preliminary injunction rested solely on the district court's interpretation of section 810(a), our review is, as a practical matter, *de novo*.

## III. DISCUSSION

■ The central issue before us can be simply framed: When do the notice and hearing requirements under ANILCA section 810(a) apply? Must the Secretary find that a proposed action *"would* significantly restrict subsistence uses?" 16 U.S.C. § 3120(a) (emphasis added). Or is a finding that significant restrictions *"may "* result sufficient, even though such restrictions are deemed unlikely?

The Secretary contends that a finding that a proposed action "would" significantly restrict subsistence uses is required to trigger section 810(a)(1)–(3) notice and hearing procedures. He offers the following arguments in support of his construction: 1) this court's decisions in *Kunaknana* and *Gambell II* do not require compli-

---

**1.** Appellees alleged violations of section 19 of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1345, section 102(c) of the National Environ-

mental Policy Act, 42 U.S.C. § 4332(c), and sections 7 and 9 of the Endangered Species Act, 16 U.S.C. §§ 1536, 1538.

ance with section 810(a)(1)–(3) absent a likelihood of significant restrictions upon subsistence resources, and 2) the Secretary's construction is required by the plain language of the statute and is entitled to judicial deference. We consider these arguments in turn.

## A. *Kunaknana* and *Gambell II.*

In *Kunaknana v. Clark,* 742 F.2d 1145 (9th Cir.1984), we read section 810(a) as requiring notice and public hearings "if the agency first concludes that the contemplated action *may* significantly restrict subsistence uses." *Id.* at 1151 (emphasis added).

> The inference to be drawn from [the phrase "which would significantly restrict subsistence uses"] is that Congress intended a two-step process: first, the agency determines whether the contemplated action may significantly restrict subsistence use; if it may, the agency must comply with the notice and hearing procedures. This construction of the statute is a reasonable one, relying on the plain meaning of the words of the statute.

*Id.*

Although the *Kunaknana* court was not called upon specifically to decide when section 810(a)(1)–(3) procedures would be required, its analysis has subsequently formed the basis for a holding in this circuit.

In *People of the Village of Gambell v. Hodel (Gambell II),* 774 F.2d 1414 (9th Cir.1985), *cert. granted,* —— U.S. ——, 106 S.Ct. 2274, 90 L.Ed.2d 717 (1986), the Secretary's section 810(a) evaluation indicated that development and production of the proposed lease sale "may significantly restrict subsistence uses in certain areas." *Id.* at 1422. The court held that under *Kunaknana* the Secretary's finding required that he proceed with the notice and hearing procedures under section 810(a)(1)–(3). *Id.*

Moreover, the argument that the Secretary makes here was presented in nearly identical form to the *Gambell II* court:

> Interior has interpreted the language of Section 810 to require a likelihood of a significant restriction to be evident before the procedures of Subsections 810(a)(1)–(3) come into play. Thus, it found here that "given the low probability that oil will be found, these possible restrictions [at the production stage] are not likely to occur, even locally, as a result of the sale" .... It also found that significant restrictions on subsistence at the exploration stage "are not likely * * *" ....

Secretary's Brief at 26, *Gambell II.*

The *Gambell II* court rejected the Secretary's view that section 810(a)(1)–(3) procedures required a *likelihood* of significant subsistence restrictions, and, on findings not meaningfully different than those here, concluded that the Secretary was required to comply with the notice and hearing requirements of the statute. We believe that *Gambell II* governs this case, and that the district court did not err in determining that appellants had shown a strong likelihood of success on the merits of their claim that the Secretary had failed to comply with the notice and hearing requirements of section 810(a)(1)–(3).

## B. *Plain Language and Deference to Agency Interpretation.*

The Secretary next urges that his interpretation of section 810(a)(1)–(3) is required by the plain language of the provision, and, as an agency's interpretation of a statute it is charged with administering, is entitled to a high degree of judicial deference and must be upheld unless unreasonable. Both these arguments might be compelling in the abstract, but because we consider *Gambell II* plainly controlling, they do not alter our conclusion that compliance with section 810(a)(1)–(3) procedures is required before the Secretary may proceed with Lease Sale 92. *See Cubanski, etc. v. Heckler,* 781 F.2d 1421, 1424–25 (9th Cir.1986) (courts are the final authorities on issues of statutory construction).

## CONCLUSION

The district court applied the correct legal standard in concluding that the Secretary must comply with the notice and hearing procedures in ANILCA section 810(a)(1)–(3) when he finds that significant restrictions on subsistence uses are "unlikely." Having identified a probable ANILCA violation, the court did not abuse its discretion in granting a preliminary injunction.

AFFIRMED.