995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael D. JACOBS, Plaintiff-Appellant,
v.
Ron ANGELONE, Defendant-Appellee.
 No. 92-16185.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Jacobs, a Nevada state prisoner, appeals pro se the district court's denial of his motion for temporary restraining order ("TRO") and/or preliminary injunction.[1] Jacobs's motion requested the district court to order the Nevada Department of Prisons ("NDOP") to transfer Jacobs from the Nevada State Prison ("NSP") to a southern facility. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.
 
 
 3
 Our review of a preliminary injunction is limited. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989). We will reverse the district court's denial of a preliminary injunction only for abuse of discretion. Id. We will not reverse the district court's order simply because we would have reached a different result. Id.
 
 
 4
 In determining whether the district court abused its discretion, we examine whether the court (1) applied the wrong substantive law governing injunctive relief or (2) based its decision upon a clearly erroneous finding of a material fact. See id. We may disregard a finding of fact only if it is clearly erroneous. See Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 752 (9th Cir.1982).
 
 
 5
 A plaintiff seeking a preliminary injunction must demonstrate a likelihood of success on the merits and a significant threat of irreparable injury unless the injunction issues. See Oakland Tribune, Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir.1985).
 
 
 6
 Here, Jacobs's motion alleged that he would "suffer life-threatening irreparable injury if he remain[ed] house[d] at the Nevada State Prison, or any other Northern Nevada Prison." Jacobs based his claim of threatened injury on the presence of known enemies in the northern Nevada prisons.[2]
 
 
 7
 The district court applied the correct legal standard in denying Jacobs's motion, finding that Jacobs had failed to show a likelihood of irreparable harm. See id. The district court found that NSP was a more secure facility than the southern facilities. The district court also found that two of the inmates involved in the murder of Jacobs's brother were not housed at NSP.[3] Additionally, the district court found that prison officials were aware of Jacobs's known enemies and were investigating Jacobs's situation. On the record before us, we are unable to discern clear error in the district court's finding that Jacobs is not currently in a life-threatening situation.[4] See Sports Form, 686 F.2d at 752. Given these circumstances, we cannot say the district court abused its discretion by denying Jacobs's motion for a preliminary injunction. See Hunt, 872 F.2d at 292.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Jacobs seeks to appeal the district court's denial of a TRO, it is not appealable. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989) ("denial of a temporary restraining order is not generally appealable unless it effectively decides the merits of the case"). Thus, we review only the denial of the preliminary injunction. See id
 
 
 [2]
 These known enemies are inmates who had participated in the murder of Jacobs's brother
 
 
 [3]
 Apparently, one inmate was no longer in the NDOP system and the second inmate was at another prison. It is unclear whether any of the other inmates involved in the murder of Jacobs's brother were housed at NSP
 
 
 [4]
 Moreover, it appears that Jacobs is now housed at Ely State Prison. Therefore, any threats associated with being housed at NSP no longer represent current threats