76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin Howard CANELL, et al., Plaintiffs-Appellants,
v.
David S. COOK, Defendant-Appellee.
 No. 95-36155.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 9, 1996.
 
 Before: PREGERSON, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This appeal challenges the district court's November 6, 1995 order denying appellants' motion for preliminary injunction in an action challenging the constitutionality of Oregon's Administrative Rule 291-143-0070(4) prohibiting inmate facilitated religious services in state prisons. We have jurisdiction pursuant to 28 U.S.C. § 1292(a), and we reverse.
 
 
 3
 Appellants, Sunni Muslims, claim that the recently amended rule substantially interferes with their ability to practice their religion because no qualified non-inmates are available to facilitate group prayer on Fridays, their day of worship. The rule provides that, if no qualified leaders are available, an inmate's request for group worship must be denied. Appellants argue that requests for Friday worship have already been denied, and that it is unlikely that qualified service leaders will be made available on Fridays in the future, in which case appellants would be forever barred from participating in Friday group prayer in accordance with their faith.
 
 
 4
 The district court properly set forth the legal standards to be applied in this case, under both a First Amendment violation analysis and a Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb (RFRA) analysis. Specifically, the court found that the government may not substantially burden an inmate's exercise of a central tenet of his/her religion unless the rule furthers a compelling governmental interest in the least restrictive manner possible. Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir.1995) (per curiam).
 
 
 5
 Although the district court did not dispute that a substantial and actual burden exists in this case, the court determined that the inmates had failed to prove that Friday group worship is a central tenet of appellants' faith. This finding is not supported by the record. Appellants submitted an affidavit with their motion for injunctive relief that clearly stated that Friday group worship was mandated by their faith, that individual worship was not sufficient, and that no alternatives to Friday group worship were permitted. Appellants cited to the Koran to show that Friday is the day of assembly and that adherents must answer the call to prayer on that day. No evidence was submitted to dispute these statements or citations, leaving a record that strongly supports appellants' claim that group Friday worship is a central tenet of their faith. In the absence of evidence to the contrary, the record does not support the district court's finding.
 
 
 6
 In addition, the district court found that appellants would suffer no irreparable harm in the absence of injunctive relief. The court did not make any findings to support this conclusion, and no evidence was submitted by appellees to demonstrate any showing of harm to the prison officials in the event that the requested relief was granted. The record establishes that each Friday that passes while this action is pending involves another potential substantial violation of appellants' right to practice their religion. The record further demonstrates that Sunni Muslim inmates in Oregon have been facilitating Friday group services for 20 years prior to enactment of this regulation. Appellees have submitted no evidence that continuation of this practice would create serious security risks or other risk of irreparable harm.
 
 
 7
 Because the record as it currently exists does not support the district court's findings, the November 6, 1995 order denying the motion for preliminary injunction is reversed and remanded to the district court for further proceedings consistent with this disposition. See Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 752-53 (9th Cir.1982) (preliminary injunction ruling reversed if record does not support application of law to issues at bar).
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4; 9th Cir.R. 3-3(d)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3