Susan B. LONG and Philip H. Long, Appellants,

v.

UNITED STATES INTERNAL REVENUE SERVICE, Jerome Kurtz, William E. Williams, James D. Swartzwelder, and Marcus Farbenblum, Appellees.

No. 82–3030.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1982.

Decided Dec. 1, 1982.

**908**

Stephen K. Strong, Bendich, Stobaugh & Strong, Seattle, Wash., for appellants.

Mary L. Fahey, Washington, D.C., for appellees.

Before KILKENNY, KENNEDY and SKOPIL, Circuit Judges.

KILKENNY, Circuit Judge:

The appellants challenge the district court's order denying their motion for injunctive relief against the Internal Revenue Service (IRS). We reverse and remand.

### FACTS

The appellants have been involved in extensive litigation for nearly a decade over disclosure of various documents. The documents are prepared by the IRS periodically and contain instructions to IRS data processing personnel regarding the statistical tabulations to prepare and the analyses to perform on data compiled for the Taxpayer Compliance Measurement Program. The IRS has conceded that the documents are not exempt from disclosure under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (1976). However, it has delayed release of the requested documents forcing the appellants to file FOIA lawsuits. Once the lawsuits are filed, the IRS "voluntarily" releases the documents. The appellants requested injunctive relief to prevent these prolonged delays.

The district court denied the injunctive relief. The court based its denial on the following grounds: (1) an injunction against withholding similar documents in the future would be too vague, and would create more conflict than it would resolve; (2) a prospective order would improperly circumvent the agency and bypass the agency's right to claim exemptions as applicable to specific documents; and (3) the Economic Recovery Tax Act of 1981 (ERTA) affected the duty of the IRS to disclose this type of information.[1]

---

1. There is no evidence to support the district court's conclusion that the ERTA affected the duty of the defendants to disclose this type of document. From the record, there is no indica-

## ISSUE

The sole issue on appeal is whether the district court properly denied the appellants' request for a permanent injunction against the IRS, prohibiting it from withholding the same type of documents in the future.

## DISCUSSION

Initially, we must dispose of the IRS' contention that the district court lacks authority to grant the requested injunctive relief. The IRS incorrectly asserts that Congress has limited the exercise of inherent equitable powers by prescribing special and exclusive remedies in the FOIA for enforcing disclosure requirements.

■ Congress enacted the FOIA to ensure that all government materials are made available to the public unless explicitly exempted from disclosure by the Act. *See* S.Rep. No. 813, 89th Cong., 2d Sess. 11 (1966). As the enforcement arm of the FOIA, the courts are charged with the responsibility of ensuring the fullest responsible disclosure. *See Renegotiation Board v. Bannercraft Clothing Co., Inc.,* 415 U.S. 1, 19, 94 S.Ct. 1028, 1038, 39 L.Ed.2d 123 (1974). In *Bannercraft Clothing,* the Supreme Court held that Congress did not intend to limit the court's exercise of its inherent equitable powers where consistent with the FOIA. *Id.* at 19, 94 S.Ct. at 1038. The Court reasoned that

> "[t]he broad language of the FOIA, with its obvious emphasis on disclosure and with its exemptions carefully delineated as exceptions; *the truism that Congress knows how to deprive a court of broad equitable powers when it chooses so to do,* [citations omitted]; and the fact that the Act, to a definite degree, makes the district courts the enforcement arm of the statute, 5 U.S.C.A. § 552(a)(3), persuade us that the ... principle of a statutorily prescribed special and exclusive remedy is not applicable to FOIA cases. *With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court."* [Emphasis supplied].

*Id.*

■ In utilizing its equitable powers to enforce the provisions of the FOIA, the district court may consider injunctive relief where appropriate. Moreover, where the district court finds a probability that alleged illegal conduct will recur in the future, an injunction may be framed to bar future violations that are likely to occur. *United States v. An Article of Drug,* 661 F.2d 742, 747 (CA9 1981). Thus, the IRS' contention that the district court lacks authority to grant the requested injunctive relief is without merit.

■ In determining whether injunctive relief is appropriate to resolve a FOIA dispute, the court's prime consideration should be the effect on the public of disclosure or nondisclosure. *See GSA v. Benson,* 415 F.2d 878, 880 (CA9 1969). Where, as here, there has been a voluntary cessation of allegedly illegal conduct and thereafter prolonged delays have repeatedly hindered the timely disclosure of non-exempt documents, the district court should seriously consider the likelihood of recurrence, weighing the good faith of any expressed intent to comply, the effectiveness, if any, of the discontinuance and the character of past violations. *United States v. W.T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1952). Once the district court has fully performed its duties as required by *Benson* and *Grant,* and has exercised its discretion in granting or denying injunctive relief, its decision will be overturned only if it relied upon erroneous legal principles or abused its discretion. *Sports Form, Inc. v. United Press International, Inc.,* 686 F.2d 750, 752 (CA9 1982); *Wright v. Rushen,* 642 F.2d 1129, 1132 (CA9 1981).

tion that the Secretary has made a determination that disclosure of this information will impair tax assessment.

██ Our analysis of the record convinces us that the district court, in denying injunctive relief, failed to apply the above standards. Specifically, there is no indication that the district court considered the possibility of recurrence, nor the character of past violations. When these factors are considered, it becomes clear that injunctive relief is appropriate in this case to prevent the prolonged delays and repeated litigation over disclosure of the same type of documents in the future.

██ The IRS correctly contends that Congress envisioned a scheme where the person wanting public documents would first apply to the agency, and only after refusal, would resort to the courts for enforcement of the Act. However, Congress did not intend for the IRS, or any other agency, to use the FOIA offensively to hinder the release of non-exempt documents. The appellants have fully complied with the administrative scheme. It was the IRS' abuse of this scheme that forced the appellants to bring several lawsuits to obtain release of the documents. In this case, they waited 17 months before receiving the requested documents. Moreover, the IRS has indicated that the delays will recur in the future. It made it clear that by voluntarily releasing the documents, it retained the right to claim that similar documents were exempt in the future. These unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent these abuses.

██ We are convinced that the practical difficulties foreseen by the district court can be overcome by carefully drafting the injunction. The description of the requested documents can be adequately specified to include only the type of documents involved in the lawsuits. Furthermore, the injunction can provide for the interests of the IRS in ensuring that no exempt documents are disclosed. Finally, the district court should carefully weigh all of these relevant factors, then determine a reasonable time for the IRS to review the request and forthwith disclose the non-exempt documents.

This procedure will insure against lengthy delays in the future.

## CONCLUSION

The district court's order denying injunctive relief is reversed and the case remanded for the district court to weigh all the relevant factors and require compliance within a reasonable time to be fixed by the court.

KENNEDY, Circuit Judge, concurring:

I concur fully in Judge Kilkenny's opinion.

The Congress has amended section 6103(b)(2) of the Internal Revenue Code, 26 U.S.C. § 6103(b)(2), since our decision in *Long v. IRS*, 596 F.2d 362 (9th Cir.), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1979), to exempt audit selection standards from disclosure. At oral argument, the Government was asked whether the amended statute applies to exempt some or all of the documents in question from disclosure. The IRS advised it has not yet taken a position on the point, and that it is reserving the question. When the Government defends its lawsuits in such piecemeal and haphazard fashion, it risks losing substantial defenses. I doubt the Government's own interest is served by the tactic, and most certainly it is an imposition on the court.

## ORDER

The concurring opinion is amended to add the following: "Judges Kilkenny and Skopil agree."