76 F.3d 384
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AVI SYSTEMS, INC. and Joseph Shamash, Plaintiff-Appellant,
v.
MICROSOFT CORPORATION, Defendant-Appellee.
 No. 95-16577.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 AVI Systems, Inc. and Joseph Shamash ("AVI Systems") appeal the district court's denial of its motion for a preliminary injunction. AVI Systems contends that the district court erred by: 1) finding that it was unlikely to succeed on the merits of its trademark infringement claims; 2) finding that Microsoft was likely to succeed in showing a fair use of the "AVI" trademark; and 3) finding that the balance of hardships tipped sharply in favor of Microsoft. We have jurisdiction pursuant to 28 U.S.C. § 1292(a), and we affirm.
 
 
 3
 We review the district court's order to determine whether the district court applied the proper legal standard and whether it abused its discretion in applying that standard. See Caribbean Marine Service Co. v. Baldridge, 844 F.2d 668, 673 (9th Cir.1988) (citing Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 752 (9th Cir.1982)). Preliminary injunctive relief is appropriate only if the plaintiff has shown either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. United States v. Odessa Union Warehouse Co-op, 833 F.2d 172, 174 (9th Cir.1987).
 
 
 4
 Here, AVI Systems, Inc. failed to demonstrate a likelihood of success on the merits or that this action raises serious legal questions. See In re Dual-Deck Video Cassette Recorder Antitrust (Go-Video, Inc.) v. Matsushita Electrical Industrial Co., Ltd., 11 F.3d 1460, 1466 (9th Cir.1993); see also Zatarains, Inc. v. Oak Grove Smokehouse, 698 F.2d 786, 791 (5th Cir.1983) (fair descriptive use does not violate trademark so long as it does not lead to customer confusion regarding the source of the goods or services). Accordingly, the district court did not abuse its discretion in denying preliminary injuctive relief. See Sports Form, Inc., 686 F.2d at 752.
 
 AFFIRMED.[1]
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellee's motion to supplement the record on appeal is granted. Appellant's motion for imposition of sanctions against appellee is denied