77 F.3d 489
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Siamak KOHANOFF, Plaintiff-Appellee,
v.
ARCO PRODUCTS CO., a Division of Atlantic Richfield
Corporation, a Delaware Corporation, Defendant-Appellant.
 No. 95-56585.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 ARCO Products Company ("ARCO") appeals the district court's grant of a preliminary injunction barring it from terminating its franchise relationship with Siamak Kohanoff ("Kohanoff"). ARCO contends that the district court erred in concluding that Kohanoff, who entered a guilty plea but has yet to be sentenced on a felony charge, has not been "convicted" for the purposes of franchise termination under the Petroleum Marketing Practices Act, 15 U.S.C. § 2802 et seq. ("PMPA").
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1292(a)(1). We will reverse a preliminary injunction only if the district court abused its discretion or relied upon an erroneous legal premise. See Sports Form v. United Press Int'l, 686 F.2d 750, 752 (9th Cir.1982); see also Miller v. California Pac. Medical Ctr., 19 F.3d 449, 455 (9th Cir.1994) (en banc) (indicating that preliminary injunction reversible if district court based its decision on clearly erroneous factual findings). We affirm.[1]
 
 
 4
 Under the PMPA, a preliminary injunction shall be granted if a franchisee shows that "there exist sufficiently serious questions going to the merits to make such questions a fair ground for litigation," and "the court determines that, on balance, the hardship imposed upon the franchisor by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed upon such franchisee if such preliminary injunctive relief were not granted." See 15 U.S.C. § 2805(b)(2); see also Hilo v. Exxon Corp., 997 F.2d 641, 643 (9th Cir.1993) (purpose of PMPA is to benefit small retailers; PMPA's standard for preliminary injunction is more liberal than usual standard and does not require showing of likelihood of success on merits or irreparable harm).
 
 
 5
 Here, the district court found that Kohanoff's case involved the novel question of whether, under § 2802(c)(12) [of PMPA], a plea of guilty without imposition of sentence and a formal judgment of conviction is tantamount to a "conviction." Relying on Lewis v. Exxon Corp., 716 F.2d 1398 (D.C.Cir.1983), the district court further found that it would resolve the question in favor of Kohanoff because it interpreted "conviction" to be a judgment of conviction, not merely a guilty plea, under the PMPA. In granting the preliminary injunction, the district court also implicitly balanced the hardships in favor of Kohanoff. Therefore, the district court properly employed the standard set forth in the PMPA. See 15 U.S.C. § 2805(b)(2).
 
 
 6
 We need not decide whether the district court's interpretation of the term "conviction" under the PMPA is correct. See Sports Form, 686 F.2d at 752.[2] Under the PMPA, a preliminary injunction is justified if the question is sufficiently serious to present "a fair ground for litigation." See 15 U.S.C. § 2805(b)(2). Here, as the district court recognized, the question presented is sufficiently serious. Cf. Humboldt Oil Co. v. Exxon Co., 695 F.2d 386, 388-89 (9th Cir.1982) (preliminary injunction improper where no question was sufficiently serious to raise a fair ground for litigation).
 
 
 7
 Moreover, the district court did not clearly err in its finding that ARCO had based the franchise termination upon Kohanoff's purported conviction. See Miller, 19 F.3d at 455.
 
 
 8
 Thus, the district court did not abuse its discretion or rely upon erroneous legal premises in granting the injunction. See Sports Form, 686 F.2d at 752.
 
 
 9
 Accordingly, the district court's grant of a preliminary injunction is AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 ARCO's motion for an extension of time to file its reply brief is granted. The Clerk shall file appellant ARCO's reply brief received on February 1, 1996
 
 
 [2]
 The question of whether a guilty plea constitutes a "conviction" under the PMPA is one of first impression, although several cases have addressed related issues. See Portaluppi v. Shell Oil Co., 869 F.2d 245, 246 (4th Cir.1989) (conviction for cocaine possession following guilty plea relates to gas station operation and justify franchise termination); Lewis, 716 F.2d at 1399-40 ("conviction" means conviction by trial court, not final affirmance of trial court's judgment upon appeal); Humboldt Oil Co. v. Exxon Corp., 695 F.3d 386, 388-89 (9th Cir.1982) (same); see also Transamerica Premier Ins. v. Miller, 41 F.3d 438, 441 (9th Cir.1994) (suggesting that technical reading of "conviction" may be expected in criminal case and listing cases where courts have ruled "conviction" tantamount to guilty plea)