82 F.3d 424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rick A. YOUNG, Plaintiff-Appellant,
v.
Al SCAMAHORN; Chase Riveland; Tana Wood; Al Walters;
Barbara Jonesson, et al., Defendants-Appellees.
 No. 95-35502.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rick A. Young, a Washington state prisoner, appeals pro se the denial of his motion for a preliminary injunction in his civil rights action claiming prison officials retaliated against him for filing a previous action regarding exposure to secondhand tobacco smoke. Young contends the district court erred by refusing to: enjoin his transfer from the Washington State Penitentiary in Walla Walla, Washington; enjoin further retaliation; and sanction the defendants for violating a temporary restraining order. We affirm.
 
 
 3
 The district court did not abuse its discretion by finding that even though Young may have established serious questions, the transfer's interference with his pending lawsuits did not cause sufficient hardship to warrant a preliminary injunction. See Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir.1995) (standard for retaliation claim); Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 752-53 (9th Cir.1982) (standard for grant of preliminary injunction). In his retaliation case, Young could conduct discovery from another prison. In his case regarding tobacco smoke exposure, the transportation of his legal files to another prison might delay his appeal, but the transfer would not deprive him of the resources necessary to prosecute the appeal. We also affirm the district court's denial of a preliminary injunction against further retaliation. The district court did not err by finding Young unlikely to succeed on the merits of his claim regarding his placement in administrative segregation after he sent a letter to a prison instructor. See Schroeder, 55 F.3d at 461; Sports Form, Inc., 686 F.2d at 752-53.
 
 
 4
 We do not have jurisdiction to review the district court's refusal to hold the defendants in contempt for violating a temporary restraining order. See Sims v. Falk, 877 F.2d 31, 31-32 (9th Cir.1989) (order denying motion to hold party in contempt not appealable until entry of final judgment).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3