164 F.3d 1189
 99 Cal. Daily Op. Serv. 138, 98 Daily Journal
D.A.R. 171
CALIFORNIA PROLIFE COUNCIL POLITICAL ACTION COMMITTEE;
Service Employees Union, Local 22; AFC-CIO; California
State Council of Service Employees/Cope; California
Teachers Association; Association of Better Citizenship;
Consumer Attorneys of California; Consumer Attorney
Political Action; Consumer Attorneys Independent Campaign
Committee; California Faculty Association Political Action
Committee; San Mateo Labor Council; Richard Polanco;
Polanco For Senate; Wright Roderick; Rod Wright For
Assembly; Michael R. Shapiro; California Democratic Party;
Howard S. Welinsky; Garry Shay; Michael Schroeder;
California Republican Party; Bill Leonard; Leonard For
Assembly '98 Committee; Lincoln Club of Orange County
Committee for State and Local Candidates; Shawn Steel;
Marc Wolin; Marjorie C. Swartz; Nell Soto; Dennis
Sanchez; Michael Green; Michael Lewis; Douglas Dunlap,
Plaintiffs-Appellees,
v.
Jan SCULLY, District Attorney for Sacramento County, Defendant,
and
Fair Political Practices Commission, Defendant-Appellant,
Ruth Holton; Tony Miller, Defendants-Intervenors- Appellants.
 No. 98-15308.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 8, 1998.
Decided Jan. 5, 1999.
 
 Lawrence T. Woodlock, Fair Political Practices Commission, Sacramento, California, for defendant-appellant Fair Political Practices Commission.
 Bradley S. Phillips, Munger, Tolles & Olson, Los Angeles, California, for defendants-intervenors-appellants Ruth Holton and Tony Miller.
 James Bopp, Bopp, Coleson & Bostrom, Terre Haute, Indiana, for plaintiffs-appellees California Prolife Council Political Action Committee.
 Joseph Remcho, Remcho, Johansen & Purcell, San Francisco, California, for plaintiffs-appellees Service Employees International Union.
 John Mueller, Nielsen, Merksamer, Parrinello, Mueller & Naylor, Mill Valley, California, for plaintiffs-appellees California Republican Party.
 George Waters, Olson, Hagel, Fong, Leidigh, Waters & Fishburn, Sacramento, California, for plaintiffs-appellees California Democratic Party.
 Appeal from the United States District Court for the Eastern District of California; Lawrence K. Karlton, District Judge, Presiding. D.C. No. CV-96-01965-LKK.
 Before: REINHARDT, NOONAN, and HAWKINS, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the grant of a preliminary injunction enjoining the enforcement of Proposition 208, a California campaign finance initiative adopted by the voters in 1996. When reviewing the grant of a preliminary injunction, our inquiry is narrow. See Gregorio T. v. Wilson, 59 F.3d 1002, 1004 (9th Cir.1995)(quoting Sports Form, Inc. v. United Press International, 686 F.2d 750 (9th Cir.1982)). We determine only whether the district court employed the "appropriate legal standards which govern the issuance of a preliminary injunction," and whether the district court correctly "[ ]apprehended the law with respect to the underlying issues in litigation." Id. We do not, however, decide whether the application of the legal principles was or was not erroneous. Accordingly, whether or not we "would have arrived at a different result if [we] had applied the law to the facts of the case" is irrelevant at this stage of the proceedings. Id. In short, we do not decide whether the result reached by the district judge was correct.
 
 
 2
 Here, we have no doubt that the district court employed the appropriate legal standards governing the issuance of the preliminary injunction, and correctly apprehended the law with respect to the issues underlying the litigation. Because, on this appeal, we do not consider whether the court applied the law properly, our inquiry is at an end. The preliminary injunction granted by the district court is affirmed.[1]
 
 
 3
 The district court is directed to proceed to the merits of this case expeditiously. In doing so, the court is to consider all relevant aspects of the contribution and expenditure limits contained in the Proposition, as well as all other sections of the measure that bear, either directly or indirectly, on their operation. In short, the district court is directed to consider the constitutionality of all aspects of the campaign finance system enacted by Proposition 208, to the extent that they may be relevant to a determination of the underlying issues. Before reaching a final decision on the measure, the court shall conduct a full trial on the merits and hear testimony from all relevant expert and lay witnesses the parties may wish to call, including those who testified at the hearing on the preliminary injunction, subject to the court's exercise of its customary discretion. The court may treat its hearing on the preliminary injunction and the evidence adduced thereat as a part of the trial on the merits, or deem any portion of such evidence to have been admitted for that purpose as well. The trial, moreover, shall be expedited so that appellate proceedings may be concluded in advance of the legislative elections to be held in the year 2000.
 
 
 4
 Finally, the district court shall vacate its order directing the parties to seek review in the California Supreme Court regarding reformation and severability. We agree with the parties, including the state, that in this case if questions of reformation are to be considered by the California Supreme Court, such consideration should occur, if at all, after this court has determined the constitutionality of the initiative measure as adopted. If, following our decision on that question, any party wishes to seek reformation, and believes that such a procedure is appropriate, the California Rules of Court permit it to do so. See, e.g., Kopp v. Fair Political Practices Comm'n, 905 P.2d 1248 (Cal.1995). Whether to seek reformation is, however, a matter for the parties rather than the federal courts to determine, and we express no view as to whether Proposition 208 is susceptible to such judicial action. In contrast, the question of severability is one that the district court should initially determine itself, applying California law.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 We do not decide what standard applies to our review of a grant or denial of a preliminary injunction in a case in which an injury to first amendment rights may occur prior to trial. There are no statewide or legislative elections until the year 2000, and, as the state has conceded, any impact on intervening local elections would be minimal. We are confident that, here, the preliminary injunction will be dissolved and a final judgment entered prior to the next regular election