**Lina Ambasa CASEY, Petitioner–Appellant,**

**v.**

**John D. ASHCROFT, Attorney General, et al., Respondents–Appellees.**

**No. 01–15149.**

**D.C. No. CV–00–2581–FCD.**

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.[1]

Decided May 21, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

## MEMORANDUM [2]

This preliminary injunction appeal comes to use for review under Ninth Circuit Rule 3–3. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

Our inquiry is limited to whether the district court abused its discretion in denying the preliminary injunction or based its

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

decision on an erroneous legal standard or on clearly erroneous findings of fact. *Does 1–5 v. Chandler,* 83 F.3d 1150, 1152 (9th Cir.1996).

The record before us shows that the district court did not rely upon an erroneous legal premise or abuse its discretion in concluding that appellant's showing of probable success on the merits and the possibility of irreparable injury was insufficient to warrant the preliminary injunctive relief. *Id.; see also Sports Form, Inc. v. United Press, Int'l, Inc.,* 686 F.2d 750, 753 (9th Cir.1982) (stating legal standards governing issuance of preliminary injunction). Moreover, the district court's factual findings are not clearly erroneous. *Chandler,* 83 F.3d at 1152.

Accordingly, the district court's denial of a preliminary injunction is AFFIRMED.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.