**TALBERT & BEACH, INC.,**
a California corporation,
Plaintiff–Appellant,

v.

**CITY OF HUNTINGTON BEACH,**
a municipal corporation,
Defendant–Appellee.

No. 00–57122.
D.C. No. CV–00–1096–AHS.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.[1]

Decided June 14, 2001.

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM[2]

This preliminary injunction appeal comes to us for review under Ninth Circuit Rule 3–3. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

Our inquiry is limited to whether the district court has abused its discretion in denying the preliminary injunction or based its decision on an erroneous legal standard or on clearly erroneous findings of fact. *See Does 1–5 v. Chandler,* 83 F.3d 1150, 1152 (9th Cir.1996).

Appellant operates an adult entertainment establishment in the City of Huntington Beach, and seeks to enjoin the City from enforcing Municipal Code § 5.70.100(e)(1)(ii), because it allegedly imposes unconstitutional restrictions. The record before us shows that the district court did not rely upon an erroneous legal premise or abuse its discretion in concluding that appellant's showing of probable success on the merits and the possibility of irreparable injury was insufficient to warrant the preliminary injunctive relief. *See id.; see also Sports Form, Inc. v. United Press Int'l, Inc.,* 686 F.2d 750, 753 (9th Cir.1982) (stating legal standards governing issuance of preliminary injunction). Moreover, the court's factual findings are not clearly erroneous. *See Chandler,* 83 F.3d at 1152.[3]

Accordingly, the district court's denial of a preliminary injunction is AFFIRMED.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

3. Appellee's request for judicial notice is granted. Appellee's motion to strike appellant's citation of supplemental authorities is denied.