Ralph NADER; Peter Camejo; Donald N. Daien; Kendle H. Greenlee, Plaintiffs–Appellants,

Dorothy Schultz, Intervenor–Appellee,

v.

Janice BREWER, in her official capacity as Secretary of State of Arizona, Defendant–Appellee.

No. 04–16880.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Filed Oct. 15, 2004.

Christopher J. Ertl, Esq., Law Office of Robert G. Bernhoft, S.C., Milwaukee, WI, for the plaintiffs-appellants.

Jessica G. Funkhouser, Esq., Office of the Attorney General, Phoenix, AZ, for the defendant-appellee.

Thomas K. Irvine, Larry J. Wulkan, Irvine Law Firm, P.A., Phoenix, AZ; Marty

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Harper and Kelly J. Flood, Shughart, Thompson & Kilroy, P.C., Phoenix, AZ, for the intervenor-appellee.

Before: KLEINFELD, A. WALLACE TASHIMA and RONALD M. GOULD, Circuit Judges.

PER CURIAM:

This preliminary injunction appeal comes to us for review under Ninth Circuit Rule 3-3. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

■■■ We subject a district court's order regarding preliminary injunctive relief only to limited review. *Walczak v. EPL Prolong, Inc.,* 198 F.3d 725, 730 (9th Cir. 1999). Our review of an order regarding a preliminary injunction "is much more limited than review of an order involving a permanent injunction, where all conclusions of law are freely reviewable." *Id.* A decision regarding a preliminary injunction is reviewed for abuse of discretion, which occurs only if the district court based its decision on either an erroneous legal standard or clearly erroneous factual findings. *Id.*

Ralph Nader and Peter Camejo, independents running for President and Vice-President of the United States in the November 2004 general election, and some of their political supporters ("Appellants") appeal the district court's denial of their motion for injunctive relief against Janice Brewer in her official capacity as Secretary of State of Arizona. Appellants allege that Arizona's elections statutes are unconstitutional in certain aspects, and seek to have Nader's and Camejo's names added to Arizona's ballot. Early voting began in Arizona on September 30, 2004.

■■ "Our law recognizes that election cases are different from ordinary injunc-

tion cases, ... and interference with an election after voting has begun is unprecedented." *Southwest Voter Registration Education Project v. Shelley,* 344 F.3d 914, 919 (9th Cir.2003) (en banc). We cannot say that the district court abused its discretion here.

We need not decide whether the district court was correct on the probability of success on the merits. Regardless of Appellants' probability of success on the merits, Appellants' delay in bringing this action and the balance of hardships in favor of the Appellees were so great that the district court did not abuse its discretion in deciding that the Appellants are not entitled to relief. We therefore affirm the district court's order denying the preliminary injunction. Our disposition will affect the rights of the parties only until the district court renders final judgment. *Sports Form, Inc. v. United Press International,* 686 F.2d 750, 752 (9th Cir.1982).

**AFFIRMED.**