
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BBU, INC., a Delaware corporation; et al., | No. 09-56493 |
| Plaintiffs - Appellees, | D.C. No. 3:09-CV-01787-DMS-RBB |
| v. | |
| SARA LEE CORPORATION, a Maryland corporation; et al., | MEMORANDUM [*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted December 15, 2009 [**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

This appeal from the district court's order granting appellees' motion for a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

preliminary injunction comes to us for review under Ninth Circuit Rule 3-3.  We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

We express no view on the merits of the complaint.  *See Sports Form, Inc. v. United Press Intern., Inc.*, 686 F.2d 750, 752-53 (9th Cir. 1982).  Our sole inquiry is whether the district court abused its discretion in granting preliminary injunction relief.  *See Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009).  Obtaining a preliminary injunction "requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 571 F.3d 960, 978 (9th Cir. 2009) (quoting *Winter v. National Resources Defense Council*, 129 S. Ct. 365, 374 (2008)).  Here, the district court correctly identified the legal standards for likelihood of confusion of a trademark.  *See AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).  We conclude that the district court did not abuse its discretion in concluding that appellees met the requirements needed to merit preliminary injunction relief.  Accordingly, we affirm the district court's order granting the preliminary injunction.

**AFFIRMED**.