**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EGG WORKS, INC.; et al., | No. 10-17534 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-01013-LDG-RJJ |
| v. | |
| EGG WORLD LLC; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

Submitted April 20, 2011[**]

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

This appeal is from the district court's order denying appellants' motion for a preliminary injunction comes to us for review under Ninth Circuit Rule 3-3. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Egg Works, Inc. contends that the district court erred in holding that it was not likely to succeed on the merits of its trademark infringement claim.

We express no view on the merits of the complaint. See *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752-53 (9th Cir. 1982). Our sole inquiry is whether the district court abused its discretion in denying preliminary injunctive relief. *See Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009). Obtaining a preliminary injunction requires a party to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 129 S. Ct. 365, 374 (2008). We "review the district court's determination of [trademark] likelihood of confusion for clear error." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1135 (9th Cir. 2006).

The district court correctly identified the legal standard for likelihood of confusion of a trademark, its findings were not clearly erroneous, and the district court did not clearly err in finding no likelihood of confusion concerning appellants' trademark. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979). We conclude that the district court did not abuse its discretion in concluding that appellants failed to meet the requirements to merit preliminary

injunctive relief.  Accordingly, we affirm the district court's denial of appellants'

motion for a preliminary injunction.

**AFFIRMED**.