NOT FOR PUBLICATION

FILED

JUN 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YOLANDA ASPARREN, | No. 12-17118 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-03647-RS |
| v. | |
| ALEJANDRO MAYORKAS, in his official capacity and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted June 17, 2013**

Before:    HAWKINS, GOULD, and WATFORD, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Yolanda Asparren appeals pro se the district court's denial of her request for preliminary injunctive relief in her action seeking a refund and waiver of certain immigration-related filing fees. We affirm in part and dismiss in part.

Our sole inquiry is whether the district court abused its discretion in denying preliminary injunctive relief, and we conclude the district court did not abuse its discretion. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (listing factors for district court to consider); *Sports Form, Inc. v. United Press Int'l*, 686 F.2d 750, 752–53 (9th Cir. 1982) (explaining limited scope of review).

To the extent that Asparren's request for injunctive relief is based on her husband's payment of an immigration-related filing fee, we affirm the denial of relief for lack of standing because the husband has voluntarily dismissed the appeal as to himself. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (requiring actual injury-in-fact that will likely be redressed by a favorable decision).

To the extent that Asparren seeks an order compelling the United States Citizenship and Immigration Services to issue a prompt decision on her request for a fee waiver, we dismiss that portion of the appeal as moot because a decision denying the request for a fee waiver was issued on November 5, 2012. *See Hemp Indus. Ass'n v. Drug Enforcement Admin.*, 333 F.3d 1082, 1085 n. 3 (9th Cir.2003)

(explaining that appeal is moot when interim events have eradicated effects of alleged violation).

All pending motions are **DENIED**. The judgment is **AFFIRMED** in part and **DISMISSED** as moot in part.