**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER BAKER, | No. 12-16258 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 1:11-cv-00528-ACK-KSC |
| LOUIS KEALOHA, as an individual and in his official capacity as Honolulu Chief of Police; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior District Judge, Presiding

Argued and Submitted December 6, 2012
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Christopher Baker appeals the district court's denial of his motion for a

preliminary injunction against several state and local governmental entities and

officials. Baker sought an order enjoining the enforcement of a number of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Hawaii's firearms statutes or, alternatively, directing the defendants to issue a license to Baker allowing him to carry (either concealed or openly) operable firearms. The district court denied the motion, concluding in part that Baker was not likely to establish that Hawaii's restrictions on carrying firearms in public were unconstitutional under the Second Amendment, and therefore, Baker was not likely to succeed on the merits. We have jurisdiction pursuant to 28 U.S.C. § 1292, and we vacate and remand.

"We review the district court's decision to grant or deny a preliminary injunction for abuse of discretion." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1286 (9th Cir. 2013) (citation omitted). Although our review is generally "limited and deferential," we review the underlying legal principles de novo "and a district court abuses its discretion when it makes an error of law." *Id.* In *Peruta v. County of San Diego*,— F.3d —, No. 10-56971, 2014 WL 555862, at *18 (9th Cir. Feb. 13, 2014), we concluded that the Second Amendment provides a responsible, law-abiding citizen with a right to carry an operable handgun outside the home for the purpose of self-defense. In light of our holding in *Peruta*, the district court made an error of law when it concluded that the Hawaii statutes did not implicate protected Second Amendment activity. Accordingly, we vacate the

2

district court's decision denying Baker's motion for a preliminary injunction and remand for further proceedings consistent with *Peruta*.[1]

As for Baker's claim that certain Hawaii statutes forbid the use of handguns at firing ranges, Baker's counsel conceded at oral argument that "Mr. Baker has used those ranges and uses them regularly and does fire handguns" and that "there is no imminent threat of prosecution" of Baker for his use of handguns at firing ranges. We may not ignore these concessions. *See Hilao v. Estate of Marcos*, 393 F.3d 987, 993 (9th Cir. 2004) ("A party . . . is bound by concessions made in its brief or at oral argument."). Defendants contend that the use of handguns at these ranges is common and that there is no reason for Baker to fear prosecution in this regard. Assuming—without deciding—that Hawaii's statutes forbid the use of handguns at firing ranges, Baker has not alleged any injury that would provide him with standing to challenge such prohibition. *See Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990) ("Allegations of possible future injury do not satisfy the requirements of Art. III. A threatened injury must be certainly impending to

---

[1] The district court also granted a motion for judgment on the pleadings as to all claims against the State of Hawaii and Governor Neil Abercrombie. Baker does not contest that decision on appeal. On remand, the state attorney general should be formally notified of, and given an opportunity to intervene in, further proceedings implicating the constitutionality of the state statutes. *See* 28 U.S.C. § 2403(b).

constitute injury in fact." (internal quotation marks omitted)); *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298–99 (1979)*.* On remand, the district court must dismiss Baker's motion for a preliminary injunction with respect to his allegation that Hawaii's statutes forbid the use of handguns at firing ranges.

**VACATED and REMANDED.**

**Each side shall bear its own costs.**

*Baker v. Kealoha*, No. 12-16258

THOMAS, Circuit Judge, dissenting:

I respectfully dissent. I agree that, if unaltered by an *en banc* panel or by the Supreme Court, *Peruta v. County of San Diego*, No. 10-56971, — F.3d—, 2014 WL 555862 (9th Cir. Feb. 13, 2014), affects the district court's analysis of the likelihood of success as to the merits of Baker's claims that are founded on the Second Amendment. However, that does not end the inquiry.

This appeal comes to us in a different posture than *Peruta*'s. It is an interlocutory appeal from the district court's denial of a motion for a preliminary injunction. *Peruta* was an appeal from a grant of summary judgment that terminated the case.

In order to prevail on a motion for a preliminary injunction, the moving party must establish that: (1) he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Our review of a preliminary injunction decision is not *de novo*, as it would be if we were reviewing a grant of summary judgment as we did in *Peruta*. Rather, we engage in limited review of preliminary injunction decisions under the deferential

abuse of discretion standard. *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752–53 (9th Cir. 1982). Our review of preliminary injunction decisions is "limited and deferential." *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003).

Here, in a sixty-four page, extremely thorough, detailed, and well-reasoned order, the district court concluded that the plaintiff was not entitled to a preliminary injunction. The complaint was, in the words of the district court, "prolix and repetitive" and "at times unclear." The district court not only rejected the motion for a preliminary injunction on the basis that Baker was unlikely to prevail, but also concluded that he had utterly failed to establish irreparable harm. Baker's claimed irreparable harm was that he needed a weapon to defend himself in his job as a process server. However, as the district court pointed out, he had already voluntarily abandoned that position and was no longer in that business. His other claimed fear was the possibility of future confrontations. The district court concluded that Baker had "not shown that any of the alleged harm is likely to be anything more than mere speculation, which is inadequate to establish irreparable harm." That showing, of course, is precisely what the Supreme Court required in *Winter*. 555 U.S. at 21-22. The record more than amply supports the district court's conclusion that Baker had not shown irreparable harm.

-2-

The district court also concluded that Baker had failed to establish that the balance of equities tipped in his favor and that an injunction was in the public interest. Thus, even assuming that the district court's preliminary analysis of the likelihood of success must be re-evaluated in light of *Peruta*, the district court's conclusions as to the three remaining preliminary injunction requirements are clearly supported by the record.

Further, the preliminary injunction sought by the plaintiff was sweeping in scope, seeking a prohibition on the enforcement of multiple sections of the Hawaii Revised Statutes. Even assuming application of *Peruta*, there is simply no justification for a broadside interference with state law enforcement. As the Supreme Court has reminded us: "Where, as here, the exercise of authority by state officials is attacked, federal courts must be constantly mindful of the 'special delicacy of the adjustment to be preserved between federal equitable power and State administration of its own law.'" *Rizzo v. Goode*, 423 U.S. 362, 375 (1976) (quoting *Stefanelli v. Minard*, 342 U.S. 117, 120 (1951)).

Thus, I would hold, even with the new guidance of *Peruta*, that the district court did not abuse its discretion in denying the preliminary injunction. It considered and weighed the appropriate factors. Even if *Peruta* required a reassessment of one of the factors, the bottom line would be unaffected.

I also note that *Peruta* and this case were argued and submitted on the same date. Absent *Peruta*, I would also hold that the district court also did not abuse its discretion in concluding that Baker was not likely to succeed on the merits of his claim that Hawaii's state statutes, and the city of Honolulu's enforcement of them, violate a Second Amendment right to carry a firearm outside the home and his due process rights.

In sum, the district court was entirely correct in its denial of the preliminary injunction motion. I agree completely with Judge Kay's thorough and insightful order. I would affirm the district court, and allow it to proceed to the merits of the case, now perhaps newly armed with the guidance of *Peruta*, if it survives further review.

For these reasons, I respectfully dissent.