**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| 2DIE4KOURT, a California corporation; et al., | No. 16-56217 |
| Plaintiffs-Appellees, | D.C. No. 8:16-cv-01304-JVS-DFM |
| v. | |
| HILLAIR CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company; et al., | MEMORANDUM* |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted May 10, 2017
Pasadena, California

Before: WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

Hillair Capital Management, LLC, Hillair Capital Investments, LP, Haven

Beauty, Inc., Neal Kaufman, and Sean McAvoy (collectively, Hillair) appeal from

the district court's preliminary injunction barring them from using the trademarks

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

at issue in this case. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.

Hillair argues that the district court should not have entered the preliminary injunction in favor of Appellees 2Die4Kourt, Kimsaprincess, Inc., Khlomoney, Inc., Kourtney Kardashian, Kim Kardashian West, and Khloe Kardashian (collectively, Kardashians). We review the entry of a preliminary injunction for abuse of discretion. *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013). "If the district court 'identified and applied the correct legal rule to the relief requested,' we will reverse only if the court's decision 'resulted from a factual finding that was illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *Id.*, *quoting United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

A preliminary injunction is warranted where the moving party can establish (1) "that [it] is likely to succeed on the merits," (2) "that [it] is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [its] favor," and (4) "that an injunction is in the public interest." *Id.*, *quoting Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The district court correctly identified this legal rule, so we turn now to the second part of the abuse of discretion test.

Hillair asserts that the district court abused its discretion by holding that the Kardashians are likely to succeed on the merits of their trademark infringement and state law right of publicity claims. We disagree. There is evidence in the record showing that the parties' licensing agreement (Agreement) contemplated that Hillair would make quarterly royalty payments based on product sales. Although the Kardashians were supposed to provide invoices for the royalty payments owed to them, the Agreement states that their failure to do so did not affect their "rights to receive the amounts due." Therefore, the evidence supports a finding that the amounts were "due" notwithstanding any failure to generate an invoice.

It is uncontested that Hillair never made any royalty payments, yet it continued to use the Kardashians' trademarks for the life of the Agreement and even after its termination. A party to a contract cannot both refuse to perform its obligations and continue to avail itself of the contract's benefits, even if it believes that the other party has breached. *See Costandi v. AAMCO Automatic Transmissions, Inc.*, 456 F.2d 941, 942–43 (9th Cir. 1972); *see also S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 376 (3d Cir. 1992). Accordingly, the district court did not abuse its discretion in holding that the Kardashians had demonstrated a likelihood of success on their claims.

3

Nor was it an abuse of discretion to hold that Hillair had not shown a likelihood of success on its affirmative defense of unclean hands. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158 (9th Cir. 2007) ("[O]nce the moving party has carried its burden of showing a likelihood of success on the merits, the burden shifts to the non-moving party to show a likelihood that its affirmative defense will succeed"). "To make out an unclean hands defense, a trademark defendant 'must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims.'" *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 870 (9th Cir. 2002), *quoting Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987). "To show that a trademark plaintiff's conduct is inequitable, defendant must show that plaintiff used the trademark to deceive consumers." *Id.*, *citing Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989).

There is no evidence in the record to show that the Kardashians ever used their trademarks to deceive consumers. Hillair's attempt to cast the Kardashians' alleged breaches of the Agreement as false advertising under section 43(a) of the Lanham Act is rejected because Hillair has not identified a false or misleading representation that the Kardashians made in advertising or promoting any product. 15 U.S.C. § 1125(a)(1); *see also Twentieth Century Fox Film Corp. v. Marvel*

4

*Enters., Inc.*, 277 F.3d 253, 259 (2d Cir. 2002) ("A licensee is not without recourse under section 43(a) of the Lanham Act if its licensor makes *false claims* to promote a competing product (or falsely disparages the licensee's product)" (emphasis added)). A breach of contract, standing alone, is not enough to invoke the clean hands defense, *Dollar Sys., Inc.*, 890 F.2d at 173, so the district court's conclusion was not "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *Herb Reed Enters.*, 736 F.3d at 1247, *quoting Hinkson*, 585 F.3d at 1263.

Hillair argues next that the district court incorrectly held that the balance of equities favors the Kardashians. Hillair has presented evidence demonstrating that it likely will be forced to shut down, terminate its employees, and default on its obligations if it is enjoined from using the Kardashians' trademarks. Such an outcome qualifies as irreparable harm. *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1474 (9th Cir. 1985). But when the harm complained of results from a defendant's allegedly infringing conduct, we have nonetheless approved the entry of a preliminary injunction. *Triad Sys. Corp. v. Se. Express Co.*, 64 F.3d 1330, 1338 (9th Cir. 1995), *superseded by statute on other grounds*, 17 U.S.C. § 117(c). The district court therefore did not abuse its discretion in holding that the balance of equities favors the Kardashians.

To the extent Hillair challenges the district court's conclusion that the Kardashians demonstrated a likelihood of irreparable harm, we hold that the court did not abuse its discretion. While irreparable harm may not be presumed based on a likelihood of success in a trademark action, "[e]vidence of loss of control over business reputation and damage to goodwill c[an] constitute irreparable harm." *Herb Reed Enters.*, 736 F.3d at 1250. Here, there is evidence showing that Hillair used the Kardashians' trademarks after the termination of the Agreement to release an unapproved line of cosmetics products. This is enough to support a finding, at this early stage, that the Kardashians likely will lose some measure of control over their business reputation in the absence of injunctive relief.

Finally, Hillair contends that the district court should have required the Kardashians to post a bond under Federal Rule of Civil Procedure 65(c). "Rule 65(c) invests the district court 'with discretion as to the amount of security required, *if any*.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009), *quoting Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). "[T]he likelihood of success on the merits, as found by the district court, tips in favor of a minimal bond or no bond at all." *Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1326 (9th Cir. 1985), *amended*, 775 F.2d 998 (9th Cir. 1985). The district court therefore did not abuse its discretion.

We emphasize that "[o]ur review of the district court's findings . . . is, of course, restricted to the limited record available to the district court when it granted or denied the motion." *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982). Consequently, "our disposition of this appeal will affect the rights of the parties only until the district court renders judgment on the merits of the case, at which time the losing party may again appeal." *Id.* Thus, the legal issues at that time may be different.

**AFFIRMED.**