**Steven C. WHITE, Plaintiff—Appellant,**

v.

**CITY OF SPARKS, Defendant— Appellee.**

No. 03–16679.

D.C. No. CV–03–00251–DWH.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 14, 2004.

Diane K. Vaillancourt, Esq., Santa Cruz, CA, Terri Keyser–Cooper, Esq., Law Office of Terri Keyser–Cooper, Reno, NV, for Plaintiff–Appellant.

Chester H. Adams, Esq., Office of the City Attorney, Chief Civil Deputy Attorney, Thomas F. Riley, DDA, Office of the City Attorney, Sparks, NV, for Defendant–Appellee.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Steven C. White appeals the district court's order denying his motion for a preliminary injunction against enforcement of the City of Sparks, Nevada's street vending ordinance and its failure to grant the supplemental preliminary injunctive relief requested for the first time in White's Reply to the City's Opposition to the motion for the preliminary injunction. The district court did not abuse its discretion in denying the motion for a preliminary injunction on the ground that White did not demonstrate either irreparable harm or serious questions going to the merits and that the balance of hardships tips sharply in his favor. *Southwest Voter Registration Education Project v. Shelley*, 344 F.3d 914, 917–18 (9th Cir.2003) (en banc) (describing the alternative tests for preliminary injunctive relief). Because of the limited scope of our review of the denial of a motion for a preliminary injunction and because the fully-developed factual record may be materially different from that initially before the district court, our disposition of this preliminary injunction may provide little guidance as to the appropriate final disposition on the merits. *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir.1982).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.