187 F.3d 1035 (9th Cir. 1999)
 IDAHO WATERSHEDS PROJECT; COMMITTEE FOR IDAHO'S HIGH DESERT, Plaintiffs-Appellants,
and
BALTZOR CATTLE COMPANY; PETAN CO. OF NEVADA, Intervenors,
v.
MARTHA G. HAHN, State Director; JAY CARLSON, Owyhee Area Manager; BUREAU OF LAND MANAGEMENT, Defendants-Appellees,
and
OWYHEE RESOURCES AREA PERMITTEES; THOMAS HOOK; CONNIE BRANDAU; JAMES RANDALL COLLINS; MICHAEL F. HANLEY, IV; TIM LOWRY, Defendants-Intervenors-Appellees.
 No. 99-35713
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Submitted August 10, 1999[1]
Filed August 20, 1999
 
 Laurence J. Lucas, Land and Water Fund of the Rockies, Boise, Idaho, and Robert W. Bartlett II, Hailey, Idaho, for the plaintiffs-appellants.
 W. Alan Schroeder, Boise, Idaho and Susan E. Buxton, Moore & McFadden, Boise, Idaho, for the intervenor-appellees Baltzor Cattle Company and Petan Company of Nevada.
 Nicholas J. Woychick and Joanne P. Rodriguez, Assistant United States Attorneys, Boise, Idaho, for the defendants appellees.
 Michael J. Van Zandt and Anthony L. Franciois, Lyman D. Bedford, McQuaid, Metzler, Bedford & Van Zandt, San Francisco, California, and Joanne P. Rodriguez, Boise, Idaho, for the defendants-intervenors-appellees. Owyhee Recources Aread Permittees, Thomas Hook, Connie Brandau, James Randall Collins, Micael F. Henley, IV, and Tim Lowry
 Appeal from the United States District Court for the District of Idaho B. Lynn Winmill, District Judge, Presiding. D.C. No. CV-97-00519-BLW.
 Before: James R. Browning, Mary M. Schroeder, and Harry Pregerson, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Idaho Watersheds Project and the Committee for Idaho's High Desert appeal from the district court's denial of their motion for a preliminary injunction limiting grazing in the Succor Creek and State Line allotments of the Owyhee Resource Area in Idaho. Our review is limited to whether the district court abused its discretion in denying the preliminary injunction or based its decision on an erroneous legal standard. See Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir. 1996) (issues of law underlying preliminary injunction rulings are reviewed de novo). We reverse and remand.
 
 
 2
 The appellants' complaint claimed in part that conditions in the Owyhee Resource Area violated the Bureau of Land Management's ("BLM") 1995 "fundamentals of rangeland health" regulations ("FRH regulations"), 43 C.F.R.S 4180 et seq., see Public Lands Council v. Babbitt, 167 F.3d 1287, 1308 (10th Cir. 1999), petition for cert. filed, 67 U.S.L.W. 3773 (U.S. June 9, 1999) (No. 98-1991), and that in violation of the Administrative Procedure Act, 5 U.S.C. S 706(1), the BLM had unreasonably delayed in complying with the FRH regulations, see Independence Mining Co. v. Babbitt , 105 F.3d 502, 507 (9th Cir. 1997). The appellants sought a preliminary injunction: (1) barring "hot-season" grazing from July 15 to September 30, 1999, in riparian pastures in the Succor Creek and State Line allotments, and (2) ordering the BLM to implement changes in grazing management in the allotments no later than the start of the year 2000 grazing season. The district court denied the preliminary injunction on the ground that the appellants failed to show a likelihood of success on the merits of their claims because as a matter of law, the BLM had satisfied 43 C.F.R. S 4180.2(c) in its management of the Succor Creek and State Line allotments. See Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 753 (9th Cir. 1982).
 
 This regulation provides as follows:
 
 3
 The authorized officer shall take appropriate action as soon as practicable but not later than the start of the next grazing year upon determining that existing grazing management practices or levels of grazing use on public lands are significant factors in failing to achieve the standards and conform with the guide lines that are made effective under this section. Appropriate action means implementing actions pur suant to subparts 4110, 4120, 4130, and 4160 of this part that will result in significant progress toward fulfillment of the standards and significant progress toward conformance with the guidelines.
 
 
 4
 43 C.F.R. S 4180.2(c). 43 C.F.R. SS 4110, 4120, 4130, and 4160 require the BLM to consult with affected parties, issue a proposed decision, consider any protests, and turn the proposed decision into a final decision.
 
 
 5
 The BLM made the triggering determination regarding grazing management practices in the Succor Creek and State Line allotments in October 1997. The next grazing year started in the spring of 1998, but the BLM has yet to issue its final decision modifying the relevant grazing permit and implementing changes in grazing management practices.[2] The BLM contends that it is required only to begin the procedures by consulting with affected parties before the next grazing season begins.
 
 
 6
 We interpret 43 C.F.R. S 4180.2(c) to require the BLM not merely to begin the procedures set forth in 43 C.F.R. SS 4110, 4120, 4130, and 4160, but rather to complete them and issue its final decision by the start of the next grazing year. The plain language of the regulation requires taking action that results in progress toward fulfillment of ecological standards and guidelines by the start of the next grazing year. See United States v. Hockings, 129 F.3d 1069, 1071 (9th Cir. 1997) (when interpreting a statute, we look first to its plain language). The BLM's instruction memorandum, issued by its Assistant Director for Renewable Resources and Planning on April 10, 1998, supports our interpretation in its statement that: "43 CFR subpart 4180 was written to achieve positive, on-the-ground changes in resource conditions . . . . Success will be measured in terms of concrete outcomes-- not in terms of procedural actions." See NRDC v. Department of Interior, 113 F.3d 1121, 1124 (9th Cir. 1997) (agency's interpretation of statute or regulation it is charged with administering is entitled to deference).
 
 
 7
 Accordingly, the district court erred in concluding that the appellants failed to establish a likelihood of success on the merits. See Sports Form, Inc., 686 F.2d at 753. We REVERSE the district court's order denying the motion for a preliminary injunction and REMAND for the district court to consider the possibility of irreparable injury and whether the balance of hardships tips in favor of the appellants. See id.
 
 
 8
 REVERSED AND REMANDED.
 
 
 
 Notes:
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).
 
 
 [2]
 The federal defendants' motion for filing of the BLM's August 6, 1999 proposed decision and environmental assessment is granted. The Clerk shall file the motion and attached proposed decision and environmental assessment.