An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CITY OF RENO,
Appellant,
vs.
THE BOARD FOR ADMINISTRATION
OF THE SUBSEQUENT INJURY
ACCOUNT FOR SELF-INSURED
EMPLOYERS; AND THE DIVISION OF
INDUSTRIAL RELATIONS,
DEPARTMENT OF BUSINESS AND
INDUSTRY,
Respondents.

No. 60070

**FILED**

JUL 30 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant City of Reno sought reimbursement for the subsequent injury account for self-insured employers (SIA) for expenses incurred with respect to one of its employee's degenerative joint disease. Reno asserts that respondent The Board for Administration of the SIA wrongfully concluded that Reno's notice of a possible claim was untimely under NRS 616B.557(5), which at the pertinent time required the employer to effectuate a notice "of any possible [SIA] claim . . . as soon as practicable, but not later than 100 weeks after the *injury*." NRS 616B.557(5) (2005) (emphasis added).[1] Based on our de novo review of the

---

[1]NRS 616B.557 has since been amended. *See* 2007 Nev. Stat., ch. 126, § 1, at 392-93.

14-24838

controlling statutory language and relevant caselaw, we conclude that the Board abused its discretion in determining the timeliness of Reno's notice when the Board failed to apply the correct legal standard that governs the inquiry for what is the date of injury for an occupational disease under a statute that concerns a disability by injury. *See* NRS 233B.135(3) (providing that a reviewing court determines whether an agency decision violated statutory provisions or was arbitrary or capricious); *Vredenburg ex rel. Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087 (2008) (stating that an agency's conclusions of law that are closely related to its view of the facts will not be set aside if supported by substantial evidence); *In re Halverson*, 123 Nev. 493, 510, 169 P.3d 1161, 1173 (2007) (stating that it is an abuse of discretion to apply the wrong legal standard); *Washoe Med. Ctr. v. Second Judicial Dist. Court*, 122 Nev. 1298, 1302, 148 P.3d 790, 792 (2006) (indicating that de novo review applies to statutory interpretation issues); *United Exposition Serv. Co. v. State Indus. Ins. Sys.*, 109 Nev. 421, 423, 851 P.2d 423, 424 (1993) (stating that "[t]his court's role in reviewing an administrative decision is identical to that of the district court").

At the relevant time, NRS 616B.557(1) permitted a self-insured employer to make an SIA claim when its employee

> has a *permanent physical impairment* from any cause or origin and incurs a *subsequent disability by injury* arising out of and in the course of his employment which entitles him to compensation for disability that is substantially greater by reason of the combined effects of the preexisting impairment and the *subsequent injury* than that which would have resulted from the subsequent injury alone . . . .

NRS 616B.557(1) (2005) (emphases added). The employer's ability to recover on an SIA claim was conditioned on the employer effectuating a notice "of any possible [SIA] claim . . . as soon as practicable, but not later than 100 weeks after the *injury*." NRS 616B.557(5) (2005) (emphasis added). The plain meaning of the 100-week language set forth the ultimate time limitation for the notice. *See Cromer v. Wilson*, 126 Nev. 106, 109, 225 P.3d 788, 790 (2010) (providing that unambiguous statutes are interpreted based on their plain meaning); *see also Idaho Watersheds Project v. Hahn*, 187 F.3d 1035, 1036-37 (9th Cir. 1999) (treating the time limitation that follows an "as-soon-as-practicable-but-not-later-than phrase" as the decisive time limitation); *Arel v. T & L Enters., Inc.*, 189 P.3d 1149, 1152-53 (Idaho 2008) (same); *Luckenbill v. Indus. Comm'n*, 507 N.E.2d 1185, 1190 (Ill. App. Ct. 1987) (same).

Here, the Board determined that the degenerative joint disease of Reno's employee was the subsequent occupational injury upon which NRS 616B.557(1) conditions an SIA claim. Accordingly, the Board endeavored to establish the disease's injury date in order to resolve whether Reno accomplished its notice within "100 weeks after the *injury*." NRS 616B.557(5) (2005) (emphasis added). But in so doing, the Board erroneously focused on "the date of [the disease's] onset" for the injury date and, as a result, concluded that July 1, 2002, was the date of injury because the disease "was manifest" and "evident" by that time.

The district court's focus on the onset and discovery of the disease was misplaced in this matter that concerns the injury date for an occupational disease as it relates to a statute that concerned a "subsequent disability by injury." NRS 616B.557(1) (2005). Under similar circumstances, the court in *Mirage Casino-Hotel v. Nevada Department of*

*Administration* ascertained the injury date for an occupational disease with respect to a statute and regulation that concerned the injury date for disability benefits. 110 Nev. 257, 259-60, 871 P.2d 317, 318-19 (1994). The *Mirage* court recognized that disablement for the purposes of an occupational disease is statutorily defined as "'the event of becoming physically incapacitated by reason of an occupational disease arising out of and in the course of employment . . . .'" *Id.* at 260, 871 P.2d at 319 (quoting NRS 617.060). It held that the injury date for calculating disability benefits for an occupational disease was not when an employee merely "suffered" from the disease, but it was when an employee was "no longer able to work" because the disease *disabled* the employee. *Id.* Accordingly, it concluded that the injury date for an occupational disease was when the disease caused the employee to be "disabled; i.e., unable to continue working." *Id.*

Similar to *Mirage*, this matter concerns a statute that affords relief based on a *disability* by an occupational injury. *See* NRS 616B.557(1) (2005). When the Board applied NRS 616B.557 to the degenerative joint disease, it erroneously focused on the onset of the disease and when it became manifest or evident. Pursuant to *Mirage*, the Board needed to focus on when the disease caused the employee to be "disabled; i.e., unable to continue working." *Mirage*, 110 Nev. at 260, 871 P.2d at 319.

As to Reno's contention that a new injury date was generated when its employee continued his employment and continuously aggravated his knee condition as a result, its argument is insufficiently developed. Reno premises this contention on the fact that the Board considered this theory to be viable and on the assertion that NRS

616B.557(5) must be construed in its favor because it is ambiguous. We, however, do not find the statute to be ambiguous. And because Reno fails to offer this court pertinent legal authority or analysis to support its theory that continuous employment generated a new injury date under NRS 616B.557(5), we do not address the argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider claims that are not cogently argued or supported by relevant authority). Nevertheless, Reno correctly asserts that the district court abused its discretion. As the parties do on appeal, the Board below failed to consider the relevant authority, *Mirage*, for its inquiry and determination about the injury date.

Accordingly, the Board must revisit its inquiry about the timeliness of Reno's notice. After exploring the remaining contentions on appeal—none of which acknowledge *Mirage*—and concluding that they lack merit, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Brent T. Adams, District Judge
Second Judicial District Court Dept. 9
Jonathan L. Andrews, Settlement Judge
McDonald Carano Wilson LLP/Reno
McDonald Carano Wilson LLP/Las Vegas
Dept of Business and Industry/Div of Industrial Relations/Carson City
The Law Offices of Charles R. Zeh, Esq.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A