**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GLOBAL HORIZONS, INC.; GLOBAL
HORIZONS MANPOWER INC.;
MORDECHAI ORIAN,
            *Plaintiffs-Appellants,*

v.

U.S. DEPARTMENT OF LABOR, an
Agency of the United States of
America; ELAINE L. CHAO, in her
capacity as Secretary of the U.S.
Department of Lagbor; DOES 1
THROUGH 10, INCLUSIVE,
            *Defendants-Appellees.*

No. 07-55116

D.C. No.
CV-06-08203-ABC

OPINION

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted
September 26, 2007—Pasadena, California

Filed December 13, 2007

Before: J. Clifford Wallace, Thomas G. Nelson, and
N. Randy Smith, Circuit Judges.

Opinion by Judge Wallace

## COUNSEL

Kari E. Hong, Law Offices of Kari E. Hong, Portland, Oregon, for the appellants.

Ira A. Daves, Assistant U.S. Attorney, Los Angeles, California, for the appellees.

## OPINION

WALLACE, Senior Circuit Judge:

Global Horizons, Inc., Global Horizons Manpower, Inc., and Mordechai Orian (collectively, Global Horizons) appeal from the district court's denial of their request entitled "*ex parte* Application for Temporary and Preliminary Restraining Orders Staying the Effective Date of Administrative Action." We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we affirm.

**I**

Global Horizons is a labor contractor in the business of providing temporary alien agricultural workers to United States farmers pursuant to the H-2A worker program. For Global Horizons to receive government permission to provide the alien workers, it must show in its application that there are insufficient United States workers to perform the labor involved and that the employment will not adversely affect wages and working conditions of the United States workers similarly employed. 8 U.S.C. § 1188(a); *see generally* 20 C.F.R. Part 655. It was in its application that Global Horizons ran into difficulty.

On July 27, 2006, the United States Department of Labor (DOL) sent Global Horizons a "Determination and Notice" stating that it would deny all future H2-A labor certification applications from the company for a period of three years. The DOL gave two reasons for its decision. First, it found that Global Horizons improperly sought certification of 200 workers for which it had neither the agricultural work nor the requisite contractual relationship with a United States farmer. Second, the DOL found that Global Horizons "knowingly provided false information regarding the termination of the employment of U.S. workers."

The final paragraph of the notice advised Global Horizons its sole method to challenge the DOL action: It had "the right to request an expedited administrative review or a de novo hearing" before an Administrative Law Judge (ALJ). The notice specified, however, that such a request must be made "within seven calendar days of the date of this Determination and Notice."

Global Horizons acknowledges that it did not file a request for hearing within the stipulated time. Indeed, when Global Horizons filed its request, it was even eight days after it contends it actually received the DOL notice. Its excuse is that

there was an internal delay forwarding the notice to the legal department.

The ALJ ordered the parties to submit supplemental briefs on the issue of equitable tolling. Subsequently, the ALJ issued a 19-page administrative order denying Global Horizons' request for a hearing as untimely. The ALJ held that Congress intended H2-A matters to be handled in an expedited manner, and the DOL had set numerous tight deadlines to achieve that end. The ALJ also found that Global Horizons was no stranger to this expedited process, having requested ALJ review at least 18 times since 2003. The ALJ then engaged in a lengthy discussion of the proper standard of equitable tolling to be applied. Finally, the ALJ held that the facts of the case failed to qualify for equitable tolling, given Global Horizons' failure to offer any satisfactory explanation for its delay in responding.

Global Horizons then filed its application for preliminary injunctive relief in the United States District Court for the Central District of California, which the district court denied. Global Horizons timely appealed.

## II

We recognize two sets of criteria for preliminary injunctive relief. Under the "traditional" test, a party must demonstrate "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. Cal. State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) (citation and internal quotation marks omitted). "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised

and the balance of hardships tips sharply in his favor." *Id.* (citations, emphasis, and internal quotation marks omitted).

**[1]** Global Horizons sought review of the ALJ's decision in the district court pursuant to the Administrative Procedures Act. 5 U.S.C. § 701 *et seq.* Under this statute, the district court could set aside the ALJ's decision only if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Under this narrow standard, the ALJ needed only to "articulate a rational connection between the facts found and the conclusions made." *Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 384 F.3d 1163, 1170 (9th Cir. 2004) (quotation marks and citation omitted).

## A.

**[2]** Global Horizons argues that the ALJ was "charting new and unexplored ground" when it determined that equitable tolling would be the standard to apply in the circumstances of this case, and the district court therefore abused its discretion when it denied injunctive relief because there were no serious legal issues in the action before it. The question for the district court, however, was not whether Global Horizons had raised serious legal issues with respect to the *substance* of the ALJ's equitable tolling analysis. Instead, the court considered whether Global Horizons had raised serious questions as to whether the analysis was arbitrary and capricious. The only real issue, then, was whether the ALJ articulated a sufficiently rational explanation for the decision. *See id.* at 1170. The district court correctly held that Global Horizons had not raised serious questions going to the merits of this issue, given the 19-pages of in-depth rational analysis provided by the ALJ in its administrative order.

## B.

The district court then held, in a footnote, that "[b]ecause Plaintiffs have failed to demonstrate either a likelihood of

success on the merits, or the existence of serious questions going to the merits, it is unnecessary to address the possibility of irreparable injury or the relative hardships." Global Horizons takes issue with this holding. It argues that the district court was required to give at least some consideration to both the threat of irreparable harm and the threat to the public interest before it could deny the preliminary injunction.

**[3]** We have described the relationship between success on the merits and irreparable harm as "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 874 (9th Cir. 2000). To reach this sliding scale analysis, however, a moving party must, at an "irreducible minimum," demonstrate some chance of success on the merits. *Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987). When, as here, a party has not shown any chance of success on the merits, no further determination of irreparable harm or balancing of hardships is necessary. *See Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752-53 (9th Cir. 1982); *see also Leary v. Daeschner*, 228 F.3d 729, 739 fn.3 (6th Cir. 2000); *The Pitt News v. Fisher*, 215 F.3d 354, 366 (3d Cir. 2000).

**[4]** This rule applies with equal force to the public interest element of our preliminary injunction analysis. We have recognized that, in certain situations, we must consider the public interest when making a preliminary injunction determination. *See Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007). However, there is no reason to treat this required showing any differently than that of irreparable harm. Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary. That is true here.

## C.

**[5]** Global Horizons also argues that the district court abused its discretion by failing to address specifically several

substantive arguments that the company raised in its application for preliminary relief. First, Global Horizons argues that the DOL's debarment notice was in conflict with the regulations, since 20 C.F.R. § 655.110 provides for a two-year debarment if a company has committed two violations, and a three-year debarment only if a company has committed three or more violations. This is precisely the sort of argument that Global Horizons could have raised with the ALJ had the company filed a timely request for a hearing. Because it missed the seven-day deadline, however, the only issue before the district court was whether the ALJ abused its discretion in refusing to grant equitable tolling. Any dispute as to the length of debarment, therefore, would have been irrelevant to the district court's analysis.

**[6]** Global Horizons also made a number of constitutional arguments before the district court, including that the relevant regulations were void for vagueness, lacked proper due process safeguards, and were promulgated in excess of statutory authority. Although the district court potentially had jurisdiction to hear these claims, Global Horizons provided only a conclusory one-sentence argument for each, and the district court did not abuse its discretion when it did not address them specifically in its order.

## III

Finally, we recognize that in the eleven months since Global Horizons filed the present appeal, the company has taken very few steps to move its application for permanent injunction forward in the district court. The government filed an answer on April 20, 2007, but Global Horizons entered into two continuances. This delayed the district court from holding a scheduling conference until November 5, 2007. Twenty-five years ago in *Sports Form*, we admonished parties for appealing a preliminary injunction "in order to ascertain the views of the appellate court on the merits of the litigation." 686 F.2d at 753. We repeat our concern. Because of our

limited scope of review and the paucity of the factual record on a preliminary injunction application, our disposition "may provide little guidance as to the appropriate disposition on the merits" and will often "result in unnecessary delay to the parties and inefficient use of judicial resources." *Id.* Given the purported urgency of Global Horizons' claims, the company would have been better served to pursue aggressively its permanent injunction claim in the district court, rather than apparently awaiting the outcome of this appeal.

**AFFIRMED.**