**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELLINGTON DANIELS; DIANE DANIELS, | No. 15-55794 |
| Plaintiffs - Appellants, | D.C. No. 3:13-cv-00488-WQH-JMA |
| v. | |
| COMUNITY LENDING, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted October 14, 2015[**]

Before:     SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Ellington and Diane Daniels appeal pro se from the district court's order

denying their motion for a preliminary injunction.  We have jurisdiction under 28

U.S.C. § 1292(a)(1).  We review for an abuse of discretion.  *Flexible Lifeline Sys.,*

---

  [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 993-94 (9th Cir. 2011) (per curiam). We affirm.

The district court did not abuse its discretion by denying plaintiffs' motion for a preliminary injunction after dismissing their Fourth Amended Complaint and concluding that plaintiffs had failed to establish a likelihood of success on the merits with regard to any claim that could affect the validity of the foreclosure. *See id.* at 994 (setting forth factors necessary to obtain a preliminary injunction); *see also Global Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) ("Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary.").

The district court did not abuse its discretion by denying plaintiffs' motion for reconsideration under Federal Rule of Civil Procedure 60(a) or 60(b) because plaintiffs failed to establish grounds for such relief. *See Garamendi v. Henin*, 683 F.3d 1069, 1077-80 (9th Cir. 2012) (setting forth standard of review and factors warranting reconsideration under Rule 60(a)); *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (setting forth standard of review and factors warranting reconsideration under Rule 60(b), and holding that the district court did not abuse its discretion by denying a Rule 60(b) motion where

movants reiterated arguments raised previously and did not present any basis to vacate the challenged order).

To the extent that plaintiffs challenge any other orders, we lack jurisdiction to consider them. *See* 28 U.S.C. § 1292(a)(1) (the Court of Appeals has jurisdiction to review an interlocutory denial of injunctive relief); *see also* 28 U.S.C. § 1291 (generally, the Court of Appeals only has jurisdiction over appeals from final decisions of the district court); *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (an order is not appealable unless it disposes of all claims as to all parties or judgment is entered in compliance with rule).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**