NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 29 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES S. SONG and ADRIENNE SONG, Plaintiffs-Appellants, v. MTC FINANCIAL, INC., DBA Trustee Corps; et al., Defendants-Appellees. | No.    18-16177 <br><br> D.C. No. 2:18-cv-00757-JCM-PAL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, Senior District Judge, Presiding

Submitted December 20, 2018**
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and MÁRQUEZ,*** District
Judge.

James and Adrienne Song appeal from a district court order denying their

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Rosemary Márquez, United States District Judge for
the District of Arizona, sitting by designation.

request for a preliminary injunction preventing the foreclosure sale of their home. We have jurisdiction under 28 U.S.C. § 1292 and review for an abuse of discretion. *Epona, LLC v. County of Ventura*, 876 F.3d 1214, 1219 (9th Cir. 2017) (citing *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1045 (9th Cir. 1999)). We affirm.

Plaintiffs seeking preliminary injunctive relief must show, among other things, that they are likely to prevail on the merits. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The district court did not clearly err in determining that the Songs' claims had accrued by February 2013, more than five years before the Songs initiated suit. *See Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008) (applying clear-error standard). Therefore, it was not an abuse of discretion for the district court to conclude that the applicable statutes of limitations—the longest of which is four years—bar the Songs' claims for promissory estoppel, fraudulent and intentional misrepresentation, negligent misrepresentation, fraud, civil conspiracy, and slander of title.

Nor did the district court abuse its discretion by concluding that the Songs are unlikely to succeed on the merits of their claim for declaratory relief. Under Nevada law, a lender may foreclose nonjudicially on a deed of trust, even where the statute of limitations has run on the corresponding promissory note. *See*

2

*Facklam v. HSBC Bank USA*, 401 P.3d 1068, 1071 (Nev. 2017) (describing "long-standing precedent that a lender may recover on a deed of trust even after the statute of limitations for contractual remedies on the note has passed"). Thus, the Songs are unlikely to obtain a declaration that the expiration of the statute of limitations on the promissory note precludes the foreclosure of their home.

The Songs argue in this appeal that they are likely to succeed on their claim for declaratory relief because the lender lacks authority to foreclose as a result of allegedly fraudulent transfers of the loan documents. Their argument fails, however, because they pleaded no such claim in their amended verified complaint. The Songs sought declarations relating to the expiration of the statute of limitations; they *did not* seek a declaration that the lender engaged in fraudulent conduct and thus lacks authority to foreclose. *See* Fed. R. Civ. P. 57 advisory committee notes to 1937 adoption ("The demand for relief shall state *with precision* the declaratory judgment relief" desired (emphasis added)). Because the likelihood-of-success determination is necessarily made by reference to the claims alleged in the complaint, the Songs' omission renders the lender's alleged lack of authority to foreclose inconsequential. *See Fed. Trade Comm'n v. Simeon Mgmt. Corp.*, 532 F.2d 708, 714–17 (9th Cir. 1976) (describing three claims advanced in administrative complaint and separately analyzing plaintiff's likelihood of success on each).

3

Because the Songs failed to establish a likelihood of success on the merits, we need not address their contention that the district court erred in evaluating the other *Winter* elements. *See Glob. Horizons, Inc. v. U.S. Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) ("Once a court determines a complete lack of probability of success or serious questions going to the merits, its analysis may end, and no further findings are necessary.").

**AFFIRMED.**