NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY ALLEN FRANKLIN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> J. JIMENEZ, Lieutenant; et al., <br><br> Defendants-Appellees. | No. 17-55470 <br><br> D.C. No. 3:11-cv-01240-JAH-BGS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Gregory Allen Franklin appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging retaliation, deliberate

indifference, and due process claims. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo cross-motions for summary judgment. *Guatay*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).

We affirm.

The district court properly granted summary judgment on Franklin's retaliation claims against defendants Hughey, Molina-Mata, Maciel, and Jimenez because Franklin failed to raise a genuine dispute of material fact as to whether the complaint he filed in 2007, which was against prison officers who are not a party to this action, was the motivating factor behind the alleged retaliation. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 807-08 (9th Cir. 1995) (to prevail on a retaliation claim, a plaintiff's speech must be the motivating factor behind the retaliatory conduct).

The district court properly granted summary judgment on Franklin's deliberate indifference claims against defendants Hughey, Molina-Mata, and Maciel because Franklin failed to raise a triable dispute as to whether these defendants knew of and disregarded an excessive risk to Franklin's serious medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) ("A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of

pain." (citation and internal quotation marks omitted)) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

The district court properly granted summary judgment on Franklin's due process claim against defendant Maciel relating to the failure to deliver a quarterly package because Franklin had an adequate post-deprivation remedy under California law. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (prisoner failed to state a due process claim because California provides an adequate post-deprivation remedy).

The district court properly granted summary judgment on Franklin's due process claim against defendant Jimenez premised on disciplinary proceedings because Franklin failed to raise a triable dispute as to whether he failed to receive the proper procedural safeguards, and whether the hearing officer's findings was not supported by some evidence. *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (requirements of due process are satisfied if "some evidence" supports the disciplinary decision); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974) (setting forth due process requirements during a prison disciplinary proceeding).

The district court did not abuse its discretion by denying Franklin leave to amend his complaint because amendment would have been futile and would have caused undue prejudice to defendants. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (reasons justifying denial of leave to amend); *Lopez v. Smith*, 203 F.3d

17-55470

1122, 1130 & n. 12 (9th Cir. 2000) (en banc) (standard of review).

The district court did not abuse its discretion by denying Franklin's request for a preliminary injunction against prison officers at another prison. *See Winter v. NRDC*, 555 U.S. 7, 24 (2008) (factors in considering whether to grant a preliminary injunction); *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 752-53 (9th Cir. 1982) (explaining limited scope of review).

The district court did not abuse its discretion by denying Franklin's request for an extension of scheduling order deadlines. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (standard of review for motion to modify scheduling order); *Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (standard of review for motion to conduct additional discovery).

Franklin's motion to file an oversized reply brief (Docket Entry No. 22) is granted. The Clerk shall file the reply brief at Docket Entry No. 19.

**AFFIRMED.**